## MID-WEST PUBLIC UTILITIES, INC. v. DONOVAN CONSTRUCTION COMPANY.[1]

January 6, 1933.

No. 29,013.

*John N. Ohman* and *R. H. Fryberger,* for appellant.
*Lightner & Gehan,* for respondent.

STONE, J.

Action for breach of contract. Defendant had the verdict, plaintiff appealing from the judgment.

In February, 1930, plaintiff and defendant entered into a contract in writing whereby the latter was to furnish the materials and install and build an electrical distribution system and plant at De Soto, Wisconsin. Without going into details, it is sufficient

[1]Reported in 246 N. W. 257.

to say that that compact was the inauguration and basis of a joint adventure between plaintiff and defendant. The De Soto plant was built and for the time operated for the joint account of the parties. Trouble having arisen, defendant sold out to plaintiff. Defendant accepted an agreed sum in cash for its "quitclaim" of the property. By this action plaintiff sought damages in a large sum for alleged breaches by defendant of the contract for the construction and joint operation of the De Soto plant. The defense prevailed on the issue of compromise and settlement.

■ There is much documentary evidence, but none of it is relied upon by the defense, the theory of the case on both sides being that the documents themselves neither established the alleged compromise nor made incompetent parol proof of it. There was unequivocal evidence both ways. The final negotiations, culminating in the selling out by defendant, were conducted for plaintiff by Mr. R. B. Nelson and for defendant by Mr. M. E. Williams. Their testimony is in hopeless conflict. Nelson concedes that there had been "conversations pertaining to a friendly adjustment and settlement of this deal." But he insisted on the witness stand that they had fallen through. On the other hand Williams is just as positive, not only that there were such conversations, but also that they were carried through. Between the principals there had been a bitter controversy, involving many charges of breach of contract by defendant. Mr. Williams testified that, acting for defendant, he did have the "conversations" admitted by Mr. Nelson, and that the deal finally made was agreed to "clean this slate for all time." "We shoook hands" on it. He said that Nelson made it clear that on his side plaintiff was glad to be "getting rid of Donovan cheap," to which Williams rejoined, with equal frankness: "Well, that probably will be mutual, because I figure that he feels the same way." The issue so made was submitted to the jury, the affirmative to be established by defendant. Their verdict settles the issue.

■ Of the other assignments of error only one is of sufficient substance to require discussion. It has to do with defendant's exhibit No. 23, a letter of instruction written by defendant to Mid-

land National Bank & Trust Company of Minneapolis, the escrow agent selected by plaintiff through which the documents concluding the transaction were delivered to plaintiff. The letter directed that the papers transmitted therewith were to be delivered upon payment of the sum due defendant. The document was objected to as self-serving and a misdescription of the instruments covered. It is here complained of as "a misleading document" and "hearsay." The objection is not well taken. Admittedly, the letter is of the res gestae. Together with the documents which it describes, it evidences the consummation of the transaction. If there is in its language misdescription of a document or other error, it was open to explanation. The necessity for going forward with the explanatory evidence was upon the party who needed the explanation to further his own case. There was nothing secret about the document. Its contents were equally and well known to both parties. Both had acted thereon in important and significant fashion.

Judgment affirmed.